LE SUEUR, Judge.
Albers sued defendants for personal injuries sustained in an automobile accident and Pitre sued for property damages. A default judgment was granted in favor of Albers against Fidelity General. The Schwabs were uninsured and the suit against them dismissed, as was Pitre’s action. Fidelity General appealed to have the default judgment reversed on the ground that it was rendered prematurely.
On February 22, 1967, Albers was driving a vehicle owned by Pitre, with Pitre’s permission, and was struck by a vehicle driven by Joseph J. Schwab and owned by Jacob J. Schwab. Plaintiffs sued the Schwabs and they answered pleading that they were uninsured. Plaintiffs also sued Pitre’s insurer, Fidelity General Insurance Company, under the uninsured motorist provision in his insurance policy.
Suit was filed on February 8, 1968, and process served on Fidelity General through the Secretary of State on February 12. A preliminary default was granted plaintiffs against Fidelity General on March 7, 1968. This default judgment was confirmed on March 21, 1968, in favor of Albers alone. Fidelity General subsequently filed an appeal on April 26, 1968, after it became aware of the confirmed default judgment against it. Pitre is not a party to this appeal.
The pertinent question on appeal is whether Albers had sufficient basis for the rendition of the default judgment. Although other important considerations are raised by Albers and Fidelity General, these points are not before this court if the default judgment was rendered prematurely and, therefore, is not valid.
LSA-C.C.P. Art. 1701 (Amended by Acts 1968, No. 126, § 1) states, in part, regarding defaults:
If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by de *303 fault may be entered against him. (Emphasis supplied.)
LSA-C.C.P. Art. 1702 (Amended by Acts 1968, No. 88, § 1) provides, in part, the method of confirming a preliminary default:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. (Emphasis supplied.)
Plaintiff received a return of the service of process on the Secretary of State dated February 12. On March 7 he was granted a preliminary default, which he confirmed on March 21. He alleged at these hearings that Fidelity General was an insurer authorized to do business in Louisiana and that the legal delays to appear or answer had elapsed, thus appearing to have presented the prima facie case required.
Plaintiff sued Fidelity General on the policy introduced into the record and that policy was clearly marked on its face “This contract is registered and delivered as a surplus line coverage under the Insurance Code of the State of Louisiana enacted in 1948” (Emphasis supplied), in compliance with LSA-R.S. 22:1258 (As amended and reenacted Acts 1958 No. 125; Acts 1958 No. 291 § 1). The policy also contained an endorsement entitled “Louisiana Surplus Line Endorsement”. Under the provisions of LSA-R.S. 22:1268(B) concerning surplus line insurers “* * * The insurer shall have forty days from the date of service upon the secretary of state within which to plead, answer, or otherwise defend the action. * * *”
Based on the above facts, plaintiff had not complied with the provisions of LSA-C.C.P. Article 1701 regarding defendant’s failure to answer within the time prescribed by law before he secured his preliminary default; he was put on notice by the very evidence which he introduced that Fidelity General was not an ordinary insurer subject to the ordinary delays for answering the action. Article 1702 was not complied with either because the statements on the policy regarding surplus line insurer raised the question of the delay in which to answer, which question was not mentioned on confirmation thereby impeding the presentation of a prima facie case.
Plaintiff proceeded with his presentation of witnesses and their testimony concerning the accident and its resultant injuries, both personal and property, but did not allow the defendant the “delays required by law” within which to answer. Since the presentation of evidence that the plaintiff has complied with Article 1701 and has allowed the defendant the time within which to answer is of the essence of a prima facie case for default and plaintiff has not fulfilled these requirements, although he could easily have done so by a careful reading of his evidence, the default judgment rendered and confirmed was granted prematurely and is therefore annulled.
Plaintiff also .filed a preemptory exception of no right of action on the part of Fidelity General under the provisions of LSA-C.C.P. Article 927. Plaintiff was in error in this pleading and apparently intended to file a motion to dismiss the appeal based on the provisions of LSA-R.S. 22:1254 and 1255 cited in his exception. Sections 1254 and 1255 provide restrictions to be applied to an unauthorized insurer before it may use the courts of this state. Before this court can apply these provisions to defendant, who claims to be a surplus line insurer not subject to the unauthorized insurer requirements of §§ 1254 and 1255, a trial on the merits of the case must be held to determine defendant’s status, whether unauthorized insurer or surplus line insurer. Without sufficient evidence determining defendant’s status, the application of the proper section of Title 22 is impossible and that issue is not be *304 fore this court. The exception of no right of action is dismissed.
The judgment of default appealed from is annulled and the case is remanded for action not inconsistent with this decision. All costs of this appeal are assessed against plaintiff-appellee.
Annulled and remanded.
HALL, J., concurs in the decree.